**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: FACEBOOK PRIVACY LITIGATION, | No. 12-15619 |
| | D.C. No. 5:10-cv-02389-JW |
| MIKE ROBERTSON, as representative of the class, | MEMORANDUM[*] |
| Plaintiff - Appellant, | |
| v. | |
| FACEBOOK, INC., a Delaware corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted January 17, 2014
San Francisco, California

Before: ALARCÓN, TALLMAN, and IKUTA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs appeal the district court's dismissal with prejudice of their state law claims for breach of contract and fraud, as well as their claims under California's Unfair Competition Law (UCL) and Consumer Legal Remedies Act (CLRA). We have jurisdiction under 28 U.S.C. § 1291.[1]

Plaintiffs allege that the information disclosed by Facebook can be used to obtain personal information about plaintiffs, and that they were harmed both by the dissemination of their personal information and by losing the sales value of that information. In the absence of any applicable contravening state law, these allegations are sufficient to show the element of damages for their breach of contract and fraud claims. *Cf. Gautier v. Gen. Tel. Co.*, 44 Cal. Rptr. 404, 406 (Cal. Ct. App. 1965) (holding that breach of contract requires damage to the plaintiff); *Lazar v. Sup. Ct.*, 909 P.2d 981, 984 (Cal. 1996) (stating that fraud requires damage to the plaintiff). Therefore, the district court erred in dismissing these state law claims.

We affirm the district court's dismissal of plaintiffs' UCL claim because plaintiffs failed to allege that they "lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; *see also Folgelstrom v. Lamps*

---

[1] In a published opinion filed concurrently with this memorandum, we affirm the district court's dismissal of plaintiffs' claims under the Stored Communications Act, 18 U.S.C. § 2702. *Robertson v. Facebook*, ___ F.3d ___ (9th Cir. 2014).

*Plus, Inc.*, 125 Cal. Rtpr. 3d 260, 266–67 (Cal. Ct. App. 2011).  We also affirm the district court's dismissal of plaintiffs' claim under the CLRA because plaintiffs failed to allege that they obtained anything from Facebook "by purchase," or by a "consumer transaction."  *Schauer v. Mandarin Gems of Cal., Inc.*, 23 Cal. Rptr. 233, 241 (Cal. Ct. App. 2005); Cal. Civ. Code §§ 1761(d), 1780(a).

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**